IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. JENKINS,

        Petitioner,

v.

BRIGITTE AMSBERRY,

        Respondent.

Case No. 2:17-cv-00375-SI

OPINION AND ORDER

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a 2013 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board"). For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#6) is denied.

## BACKGROUND

On December 17, 1979, Petitioner was convicted of Attempted Murder and sentenced to 20 years in prison. On February 11, 1980, Petitioner was convicted of Robbery I and sentenced to 20 years in prison, to be served consecutively to the Attempted Murder sentence. On July 30, 1980, Petitioner was convicted of Kidnapping I, Sodomy I, Robbery III, and two counts of Rape I, all of which resulted in the imposition of 63 years in prison to be served consecutively to the aforementioned sentences. All of these sentences were of an indeterminate nature because they were imposed pursuant to Oregon's old matrix scheme (which ended in 1989).

While Petitioner was serving his indeterminate sentences, he was convicted in Marion County of supplying contraband and sentenced to 15 months in prison as a guidelines sentence, to be served consecutively to his indeterminate matrix sentences. On March 5, 2013, the Board paroled Petitioner from the last of his matrix sentences. Despite the parole, Petitioner remained incarcerated because the Board paroled him directly from his matrix sentences to the service of his 15-month guidelines sentence.

On May 28, 2013, Petitioner struck another prisoner in the face causing a minor injury in violation of institutional Rule 2.06.02 (Assault II). The Board considered this a violation of Petitioner's parole condition to "obey all laws" and on August 20, 2013, revoked his parole from the matrix sentences. The Board held a Future Disposition Hearing on December 11, 2015 wherein it imposed a 15-year prison term as a sanction for the parole violation. Petitioner sought administrative review from the Board, which it denied. The Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Jenkins v. Board of Parole and Post-Prison Supervision*, 282 Or. App. 369, 385 P.3d 684 (2016); *rev. denied*, 361 Or. 100, 391 P.3d 135 (2017).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on March 6, 2017, and the Court appointed counsel to represent him the following month. With the assistance of counsel, Petitioner argues that the Board never actually paroled him, thus it lacked jurisdiction to revoke his parole and impose a 15-year sanction.[1] Respondent asks the Court to deny relief on the basis that the Board's actions were neither contrary to, nor amounted to an unreasonable application of, clearly established Supreme Court precedent.

///

///

---

[1] To the extent that the *pro se* Petition raises additional claims not argued here, Petitioner has failed to sustain his burden of proof on them. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d)

4 - OPINION AND ORDER

"preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When, as here, a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision and can only grant habeas relief if the state court's decision was objectively unreasonable. *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II. Analysis

According to Petitioner, because he was transitioned from his matrix sentences directly to his guidelines sentence, the Board relinquished jurisdiction over him (and left him under the jurisdiction of the Oregon Department of Corrections) such that he never became a parolee. He reasons that Oregon state law only permitted the Board to impose enforceable parole conditions on him once it released him from custody altogether.[2] He therefore

---

[2] With respect to the parole conditions that the Board imposed upon him, Petitioner posits that the conditions served only informational and tracking purposes in the absence of his release.

concludes that where the Board was without jurisdiction over him, its parole revocation and subsequent imposition of a 15-year sanction violate his right to due process of law.

Petitioner's argument hinges upon his contention that, as a matter of state law, he was never actually paroled and was therefore not subject to the jurisdiction of the Board. The Board rejected these arguments during Petitioner's administrative review, and although Petitioner presented these state-law issues to the Oregon Court of Appeals and the Oregon Supreme Court in detail, those courts implicitly disagreed with his interpretation of state law when they declined to overturn the Board's administrative ruling.[3] Respondent's Exhibit 103, pp. 344-347; Respondent's Exhibits 105, 110-112. State court determinations such as these are binding in federal habeas corpus proceedings.[4] See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, where state law permitted the Board to parole Petitioner directly from his matrix sentences to his guidelines sentence without releasing him from custody, and where

---

[3] Although there is no written judicial opinion to review, Oregon's state courts could not have agreed with Petitioner's position that the Board had no jurisdiction over him as a matter of state law yet upheld the revocation of parole and imposition of a 15-year sanction.

[4] Even if it were proper to reexamine these state-law issues, the Oregon Court of Appeals had determined two years prior to Petitioner's parole revocation that the Board could properly parole a prisoner directly from indeterminate sentences to a guidelines sentence and retain jurisdiction over him until the expiration of the indeterminate sentences. Shelby v. Board of Parole, 244 Or. App. 348, 352-54, 260 P.3d 682 (2011). Accordingly, Petitioner's contention that his jurisdictional argument is clearly established in Oregon is not supported.

no U.S. Supreme Court precedent provides to the contrary, habeas corpus relief is not appropriate.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#6) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26th day of July, 2019.

Michael H. Simon
United States District Judge